UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:14-CR-24-GNS-1

UNITED STATES OF AMERICA                                          PLAINTIFF

v.

DAVID SCOTT LINDSEY                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant David Scott Lindsey's Objections to the

Magistrate Judge's Findings, Conclusions of Law, and Recommendations Regarding Lindsey's

Motion to Suppress (DN 35).  For the following reasons, the Court **ADOPTS** the Magistrate

Judge's Report and Recommendation and **OVERRULES** Defendant's Objections.

## I. SUMMARY OF FACTS AND CLAIMS

Defendant does not object to any of the facts as stated in the Magistrate Judge's Findings

of Fact, Conclusions of Law and Recommendation ("R&R"). (Def.'s Objs. to the Magistrate

Judge's Findings, Conclusions of Law, and Recommendations Regarding Def.'s Mot. to

Suppress, DN 35 [hereinafter Def.'s Objs.]). The Magistrate Judge issued a search warrant for

"267, 277, 278 Mohawk Way, Cub Run, Kentucky" on July 21, 2014, following an application

made by Special Agent Funke ("SA Funke") of the Bureau of Tobacco, Firearms, and Explosives

("ATF"). (Findings of Fact, Conclusion of Law and Recommendation 2, DN 32 [hereinafter

R&R]). In SA Funke's affidavit supporting the search warrant, he noted: (1) a total of 4

confidential informants (hereinafter referred to individually as a "CI" and collectively as "CIs"),

two of whom made controlled purchases; (2) surveillance corroborating information provided by the CIs; (3) an August 2013 traffic stop of an RV in Kansas containing over $150,000, in which Defendant was a passenger; (4) statements made by Defendant corroborating his address as 277 Mohawk Way in Cub Rub, Kentucky; and (5) GPS surveillance of Defendant used to establish his residence. (R&R 2-4). The search of Defendant's residence yielded 2.85 kilograms of methamphetamine, cash in the amount of $264,013.37, and three firearms. (R&R 4). A grand jury subsequently indicted Defendant on charges of possession with intent to distribute and distribution of methamphetamine, as well as being a felon in possession of firearms. (R&R 4).

On December 9, 2014, Defendant moved to suppress the evidence from the search of the Mohawk property based upon: (1) deficiencies in the affidavit as to the places to be searched; (2) the absence of any illegal activity linked to Defendant's residence ; and (3) false statements made by the CIs which invalidate the warrant. (Def.'s Mem. in Supp. of Mot. to Suppress, DN 17-1). Following an evidentiary hearing, the Magistrate Judge found that the property description was sufficient, the warrant was supported by probable cause, and that the exception to the probable cause requirement detailed in *United States v. Leon*, 468 U.S. 897 (1984), would save the warrant in any case. (R&R 5-12). Defendant has filed his Objections (Def.'s Objs.), and this matter is ripe for adjudication.

## II. <u>STANDARD OF REVIEW</u>

In *United States v. Curtis*, 237 F.3d 598 (6th Cir. 2001), the Sixth Circuit articulated the proper standard of review for objections to a ruling or recommendation by a magistrate judge, stating:

> [Section] 636(b) creates two different standards of review for district courts when a magistrate court's finding is challenged in district court. A district court shall apply a "clearly erroneous or contrary to law" standard of review for the "nondispositive" preliminary measures of § 636(b)(1)(A). Conversely,

"dispositive motions" excepted from § 636(b)(1)(A), such as motions for summary judgment or *for the suppression of evidence*, are governed by the *de novo* standard.

*Id.* at 603 (emphasis added) (citations omitted).

### III. DISCUSSION

Defendant's objections to the R&R are that: (1) the Magistrate Judge made no credibility findings as to the CIs; (2) the Magistrate Judge did not address the inadequacy of the investigation after law enforcement obtained information from the CIs; (3) the United States did not establish whether Defendant lived at 277 Mohawk Way or 277 Mohawk Road, making the property description inadequate; (4) the affidavit was devoid of information linking illegal activity to Defendant's residence; and (5) the good faith exception contained in *Leon* does not save the warrant. (Def.'s Objs. 1-2).

### A.    Credibility of the CIs

All four of the CIs mentioned in the search warrant application stated that Defendant is a drug dealer. (Appl. for a Search Warrant 6, 1:14-MJ-00031-HBB, DN 1 [hereinafter Appl. for a Search Warrant]). In the affidavit supporting the search warrant, SA Funke stated that he corroborated that information through other investigative techniques, including surveillance.[1] (Appl. for a Search Warrant 6). The affidavit in support of the search warrant noted that CI 3 had "intimate knowledge" of the motorcycle gang of which Defendant is a member, having been associated with Defendant and the motorcycle gang for several years. (Appl. for a Search Warrant 8). Further, the affidavit stated that CI 3 "has been providing information since the late 2000's," which "has led to arrests and felony convictions," and that none of that same information has later been found to be inaccurate or untruthful. (Appl. for a Search Warrant 8-9).

---

[1] The two CIs upon whom the affiant primarily relied in his affidavit are CI 3 and CI 4.

3

In addition to CI 3's record of reliability, CI 3 participated in two controlled purchases of methamphetamine from Defendant at which CI 3 was fitted with an electronic monitoring device. (Appl. for a Search Warrant 8-11, 16).

CI 4, while without CI 3's long-standing record of reliability, also provided only accurate and true information. (Appl. for a Search Warrant 12). Law enforcement also corroborated CI 4's information through other investigative techniques. (Appl. for a Search Warrant 12). Finally, CI 4 participated in two controlled purchases of methamphetamine provided by Defendant to another dealer. Defendant was present for both purchases at which CI 4 was wired for audio and video recording. (Appl. for a Search Warrant 12-14, 16-18).

"Sixth Circuit precedent clearly establishes that the affiant need only specify that the confidential information has given accurate information in the past to qualify as reliable." *United States v. Greene*, 250 F.3d 471, 480 (6th Cir. 2001) (citations omitted). Additionally, "law enforcement officers frequently employ controlled purchases of illegal narcotics in order to establish probable cause in circumstances where they cannot personally vouch for the reliability and credibility of a particular confidential informant." *United States v. Henry*, 299 F. App'x 484, 487 (6th Cir. 2008).

CI 3 had a sustained record of providing accurate and truthful information and participated in two controlled purchases during the investigation. CI 4 provided accurate and truthful information in the course of the investigation against Defendant and participated in two controlled purchases during the investigation. CIs 3 and 4 have sufficient credibility according to Sixth Circuit precedent which lends credibility to CIs 1 and 2, whose statements were corroborated by the statements and activities of CIs 3 and 4. Thus, the Court finds that the CIs

listed in the application for the search warrant of Defendant's residence had the requisite credibility to establish probable cause for issuance of the search warrant.

**B.      Adequacy of Investigation**

Defendant protests that the Magistrate did not "address the inadequacy of the subsequent investigation by law enforcement officers after they obtained information from the confidential informants." (Def.'s Objs. 1-2). Problematically for Defendant, however, this issue was not raised in his Motion to Suppress. (*See* Def.'s Mot. to Suppress). "[W]hile the Magistrate Judge Act permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 903 n.1 (6th Cir. 2000) (citation omitted). *See also Williams v. White*, No. 5:14-CV-159-GNS-LLK, 2015 WL 1298627, at *4 (W.D. Ky. Mar. 23, 2015) (citing *Murr*, 200 F.3d 895).

Even if raised before the Magistrate Judge, this argument would fail. Defendant has not specified in what way the investigation was inadequate other than what has been otherwise described in his motion to suppress. Without a specific complaint as to the adequacy of the investigation, this argument affords no basis for relief.

**C.      Sufficiency of Property Description**

Defendant also objected on the basis that "[t]he government's investigation failed to determine whether [Defendant] actually lived at 277 Mohawk Way or 277 Mohawk Road, which makes the description of the property to be searched inadequate." (Def.'s Objs. 2).

The Fourth Amendment to the U.S. Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place

to be searched, and the persons or things to be seized." U.S. Const. amend. IV. As the Sixth Circuit has held:

> The test for determining whether a search warrant describes the premises to be searched with sufficient particularity "is not whether the description is technically accurate in every detail," but rather whether the description is sufficient "to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premises might be mistakenly searched."

*United States v. Durk*, 149 F.3d 464, 465 (6th Cir. 1998) (internal citation omitted) (quoting *United States v. Gahagan*, 865 F.2d 1490, 1496 (6th Cir. 1989)).

The Sixth Circuit has previously upheld searches based on warrants with incorrect addresses. *Johnson v. Weaver*, 248 F. App'x 694, 699 (6th Cir. 2007); *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 479 (6th Cir. 2006) ("It is clear that the incorrect address in the warrant and the affidavit does not itself invalidate the search warrant."); *United States v. Pelayo-Landero*, 285 F.3d 491, 497-98 (6th Cir. 2002); *Durk*, 149 F.3d at 466. A common thread in these cases is the presence of at least a partly accurate description that includes a unique feature. *Johnson*, 248 F. App'x at 699 (black cattle fence on the east, south, and west sides of the property); *Pelayo-Landero*, 285 F.3d at 497 (number 954 displayed under a window air conditioning unit); *Durk*, 149 F.3d at 466 (the presence of a ten-by-fifteen foot metal storage shed, its doors secured by a plastic tie).

In this case, Attachment A to the search warrant described the property as "a light colored single story mobile home style home with a wood front porch with a blue tarp covering the porch." (Appl. for a Search Warrant Attach. A). Attachment A also stated that the property housed several apparently abandoned vehicles, including a large black-and-yellow school bus, several pontoon boats, a tractor, and an all-terrain vehicle. (Appl. for a Search Warrant Attach. A). This description, particularly the odd assortment of abandoned vehicles, provided a sufficient

6

description to enable an executing officer to locate and identify the premises with reasonable effort. It also significantly reduced any reasonable probability that another premises might be mistakenly searched. Accordingly, the description of the property is sufficient to withstand the requirements of the Fourth Amendment.

### D.    Link to Residence

Defendant next argues that "the affidavit is almost void of any information connecting any illegal activity to Lindsey's residence." (Def.'s Objs. 2). Essentially, Lindsey is arguing that the affidavit did not contain sufficient probable cause to believe there was evidence at his residence linking him to any criminal activity. "To demonstrate probable cause to justify the issuance of a search warrant, an affidavit must contain facts that indicate a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Abboud*, 438 F.3d 554, 571 (6th Cir. 2006) (internal quotation marks omitted) (quoting *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005)).

SA Funke stated in the affidavit requesting the warrant that, in his experience, it is common for "persons involved in large-scale drug trafficking to maintain evidence pertaining" to the proceeds of their illicit activities within their residences. (Appl. for a Search Warrant 3). A multitude of information contained in the affidavit established probable cause to believe that Defendant is a drug dealer. It details the traffic stop in Kansas which uncovered over $150,000 in a hidden compartment in an RV in which Defendant was a passenger in August 2013. (Appl. for a Search Warrant 7-8). It also notes that the person who drove Defendant to a motel after his release following that incident heard Defendant make mention of a second RV with an even larger amount of currency. (Appl. for a Search Warrant 8). The affidavit details four controlled buys, two made by CI 3 and two made by CI 4. (Appl. for a Search Warrant 8-11, 12-14, 16-18).

A cooperating defendant also provided details of Defendant's drug operations. (Appl. for a Search Warrant 14-15).

SA Funke's affidavit also established probable cause to believe that Defendant resided at 277 Mohawk Way, Cub Run, Kentucky. Law enforcement kept close watch on Defendant's cell phone through GPS monitoring, noting that the cell phone would stop and remain stationary at the Mohawk Way property. (Appl. for a Search Warrant 10, 11). Defendant stated to CI 3 that he lived "in the country now." (Appl. for a Search Warrant 11). Several vehicles associated with Defendant were parked at the Mohawk Way address. (Appl. for a Search Warrant 14). CI 3 received a text message from Defendant stating that he lived at "277 Mohawk Way club run Kentucky." (Appl. for a Search Warrant 16). Finally, the affidavit established that Defendant departs from his house to meet others in order to deal methamphetamine to them; thus, the affidavit logically reasons that Defendant must have had methamphetamine at his residence. (Appl. for a Search Warrant 10, 16, 17-18).

"[P]robable cause generally exists to search for the fruits and instrumentalities of criminal activity at the residence of a drug dealer with continual and ongoing operations . . . ." *United States v. Newton*, 389 F.3d 631, 636 (6th Cir. 2004), *vacated on other grounds*, 546 U.S. 803 (2005). This is because "[i]n the case of drug dealers, evidence is likely to be found where dealers live." *Id.* at 635 (quoting *United States v. Jones*, 159 F.3d 969, 975 (6th Cir. 1998)) (internal quotation marks omitted). Sixth Circuit "[precedent] establish[es] that a nexus exists between a known drug dealer's criminal activity and the dealer's residence when some reliable evidence exists connecting the criminal activity with the residence." *United States v. Gunther*, 266 F. App'x 415, 419 (6th Cir. 2008).

There is reliable evidence in this instance connecting Defendant's criminal activity with his residence: the GPS tracking of his cell phone established that Defendant began drug deals by leaving his house. The affidavit contains no indication that Defendant stopped along the way to pick up the methamphetamine. With that reliable evidence, coupled with the principle enunciated in *Newton*, the affidavit supported a sufficient link between Defendant's criminal activities and his residence, and thus supported probable cause.

### E.    *Leon* **Good Faith Exception**

The R&R found that the good faith exception to the probable cause requirement enunciated in *United States v. Leon*, 468 U.S. 897 (1984), would save the warrant in the event of a lack of probable cause. (R&R 11-12). Defendant disagrees, arguing that the warrant was so lacking in probable cause that any official belief in its existence would have been unreasonable. (Def.'s Objs. 2).

In *Leon*, the Supreme Court concluded that "the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion." *Leon*, 468 U.S. at 922. The Sixth Circuit has described four circumstances in which the *Leon* good faith exception does not apply:

> 1) the supporting affidavit contained knowing or reckless falsity; 2) the issuing magistrate wholly abandoned his or her judicial role; 3) the affidavit is "so lacking in probable cause as to render official belief in its existence entirely unreasonable;" or 4) where the officer's reliance on the warrant was neither in good faith nor objectively reasonable.

*Frazier*, 423 F.3d at 533 (quoting *Leon*, 468 U.S. at 923). If the affidavit contains "a minimally sufficient nexus between the illegal activity and the place to be searched," *Leon*'s good faith exception applies. *Id.* at 536 (quoting *United States v. Carpenter*, 360 F.3d 591, 596 (6th Cir.

2004)) (internal quotation marks omitted). As discussed above, the affidavit in this case established far more than a minimally sufficient nexus between Defendant's illegal activities and his residence in the form of GPS tracking. Accordingly, even if such evidence did not rise to the level of probable cause, an official belief that it did would be reasonable.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED AND ADJUDICATED** that the Findings of Fact, Conclusions of Law and Recommendation of the United States Magistrate Judge (DN 32) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and Defendant's Objections (DN 35) are **OVERRULED**.

**Greg N. Stivers, Judge**
**United States District Court**
September 9, 2015

cc:      counsel of record

10